129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orlando Mauricio MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70342.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Decided Nov. 13, 1997.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals.
 
 
 2
 Before: REINHARDT and TASHIMA, Circuit Judges, and SHADUR, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Orlando Mauricio Martinez ("Martinez"), a native of El Salvador, petitions for review of the decision by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 5
 Martinez contends that BIA lacked substantial evidence to find that he neither suffered past persecution nor had a well-founded fear of future persecution on account of his political opinions. He also suggests that BIA failed properly to exercise its discretion when it denied him asylum based on his past persecution. We disagree.
 
 
 6
 BIA's factual determinations in denying asylum relief are reviewed only to determine whether those findings were supported by substantial evidence on the record considered as a whole (INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). We review BIA's legal decision to deny asylum only for abuse of discretion (Lopez-Galarza v. INS, 99 F.3d 954, 960 (9th Cir.1996)).
 
 
 7
 BIA had substantial evidence from both Martinez' personal circumstances and the general political climate in El Salvador to support its conclusion that Martinez had no well-founded fear of future persecution from the Frente Farabundo Marti para la Liberacion Nacional ("FMLN"). Before he left the country Martinez--a known member of the Salvadoran army and sergeant in its intelligence department--had been returned unharmed from his capture by the FMLN. And since his departure from El Salvador the only recent harassment that his family has received there was not connected to FMLN by any proof adduced by Martinez. To the contrary, BIA found that recent political developments in El Salvador, particularly the extensive peace accord between the FMLN and the Salvadoran government, render any future persecution of Martinez unlikely. FMLN now participates in national elections as the major opposition party. Those facts supply the requisite substantial evidence for BIA's decision.
 
 
 8
 In light of the finding that Martinez faces little risk of future persecution in El Salvador, we do not find BIA's reluctance to grant asylum based solely on Martinez' alleged past persecution to have been an abuse of discretion. Incidents occurring to Martinez, both during and because of his employment with the Salvadoran army, do not constitute persecution within the meaning of the Immigration and Nationality Act (Chanco v. INS, 82 F.3d 298, 302-03 (9th Cir.1996)). And BIA was entitled to determine, as it did, that any asserted persecution that Martinez had suffered at the hands of the FMLN after he left the Salvadoran army does not rise to the level of atrocity necessary to warrant a discretionary grant of asylum based on past persecution alone (see Kazlauskas v. INS, 46 F.3d 902, 907 & n. 5 (9th Cir.1995) and cases cited there).
 
 
 9
 Finally, because Martinez failed to show the requisite well-founded fear of persecution to obtain asylum, he has necessarily failed to satisfy the higher standard of a "clear probability of persecution" (Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995)) that is required for withholding deportation (id.; Fisher v. INS, 79 F.3d 955, 965 (9th Cir.1996)).
 
 
 10
 Martinez' petition for review is DENIED.
 
 
 
 **
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3